No. 28,822.

The State of Kansas, *Appellee*, v. Sebastian Rausch, *Appellant*.

(276 Pac. 799.)

Opinion filed May 4, 1929.

*William Keith* and *Lester Wilkinson*, both of Wichita, for the appellant.

*William A. Smith*, attorney-general, *William J. Werts*, county attorney, *George L. Adams*, *Wilmer E. Harms* and *Harvey C. Osborne*, assistant county attorneys, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Sebastian Rausch was found guilty on two counts of the violation of the intoxicating liquor laws. He has appealed, and contends that the evidence is insufficient to support the verdict.

The evidence disclosed that defendant lived upon and conducted a farm; that the officers went to his place for the purpose of making a search. No one was at home. At the barn, a short distance from the house, were found forty-five 52-gallon barrels, several of which contained mash in process of fermentation, then having an alcoholic content of five per cent. Ten or fifteen of the barrels had just been emptied. There were a lot of empty bottles, corks, jugs, thermometers for testing liquor, funnels, and a frame on burners, and a number of empty five-gallon kegs. The bottles had contained whisky. A number of broken bottles were just outside of the barn. There was a gasoline pump to pump water, and a well drilled in the barn. Just outside of the barn there were some empty kegs and a new barrel that had contained liquor, with a big hole cut in it. On the ground near the barrel was a wet spot, and when a match was touched to this it burned. The coil for distilling was not found. With the exception of the coil there was a complete outfit for the manufacture of intoxicating liquors, which had been, in part at least, wrecked and dismantled just before the officers reached the place.

Defendant testified that he was in possession and control of the premises, but denied that he personally had anything to do with this liquor manufacturing outfit; that a week or so previous to the raid he had met a man in a neighboring town who wanted permission to install the outfit in his barn. The man was a stranger, said it would be safe to make mash and liquor there, and offered defendant $50 a week for the privilege of doing so, which privilege he granted on those terms.

Perhaps the jury did not believe the last part of defendant's story. Certainly they were not compelled to do so. But it is really not material, for, under his own evidence, given full credence, he aided and assisted in the unlawful business (R. S. 21-2137), and could be prosecuted as a principal (R. S. 62-1016).

There is no merit in the appeal, and the judgment of the court below is affirmed.